Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000785
15-JUN-2015
07:50 AM

NO. CAAP-14-0000785

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF VG

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0089867)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant VG (Minor), a minor, appeals from the Amended Order (Order), entered on February 26, 2014, in the Family Court of the First Circuit (Family Court).[1] The Family Court adjudicated Minor a law violator on one count of Robbery in the Second Degree (Robbery 2), in violation of Hawaii Revised Statutes (HRS) §§ 708-841(1)(a) and/or (b) (2014),[2] and ordered him to continue on probation and perform sixty hours of community service, among other things. On appeal, Minor argues that the

_____

[1] The Honorable Paul T. Murakami presided.

[2] HRS § 708-841(1) provides in relevant part:

    (1) A person commits the offense of robbery in the second degree if, in the course of committing theft . . . :

        (a)    The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;

        (b)    The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

HRS § 708-830(1) (2014) provides that "[a] person commits theft if the person . . . (1) [o]btains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property."

Family Court erroneously found that he committed Robbery 2 based on insufficient evidence. To support his argument, he contests numerous findings of fact (FOF) and conclusions of law (COL) in the court's "Findings of Fact and Conclusions of Law Regarding Trial on February 25, 2014."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Minor's appeal as follows:

The Family Court did not err in finding that Minor committed Robbery 2.

(1) There was substantial evidence that Minor was the perpetrator of the offense, and COL 2, 5,[3] 18, 19, and 20 are not wrong. See HRS 708-841(1)(a) and/or (b); State v. Sua, 92 Hawai'i 78, 98, 987 P.2d 976, 996 (App. 1999), rev'd on other grounds, 92 Hawai'i 61, 987 P.2d 959 (1999); In re Doe, 107 Hawai'i 439, 446-47, 114 P.3d 945, 952-53 (App. 2005); State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

At trial, the complaining witness (CW) testified that he looked at the boy's face while the boy was pushing him and demanding money. The CW later identified Minor in a photographic lineup as the boy who pushed him and took his money. The CW testified that he was 100% sure of his lineup identification.

CW's friend (Witness) testified that, from about ten feet away, he saw the boy shove the CW and take the CW's money. Before that, the boy had approached Witness, and they talked for about five minutes. Witness later identified Minor in a photographic lineup as the boy who shoved the CW and took his money. Witness was sure of his lineup identification.

(2) There was substantial evidence that Minor committed Robbery 2. See HRS §§ 708-830 & -841(1)(a) and (b); Batson, 73 Haw. at 248, 831 P.2d at 931. The CW testified that Minor pushed him when he was trying to walk away, "demanded" money from CW, and that Minor pushed him two or three times in

_____

[3]     Minor contests COL 3 but clearly means to contest COL 5.

the chest, causing him to stumble backwards. The CW took out his wallet because he was afraid, and Minor took two dollars from the wallet. Witness testified he saw Minor push the CW two or three times, demand money in a threatening tone of voice, and take money from the CW's wallet. We also conclude the evidence against Minor was not rendered insufficient by the police's failure to investigate another person whose name was mentioned in the investigation.

(3) Minor does not actually argue that FOF 10, 14, 15, 21, 26,[4] and 38 are clearly erroneous but, rather, contests the weight the Family Court accorded them. The determination of the weight of the evidence is within the province of the trial court, and we find no basis for overturning the trial court's determination. See State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996).

(4) This court declines to overturn FOF 27, 28, and 40 and COL 10-13, which are the Family Court's determinations regarding witnesses' credibility. See Eastman, 81 Hawai'i at 139, 913 P.2d at 65.

Therefore, IT IS HEREBY ORDERED that the Amended Order, entered on February 26, 2014, in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, June 15, 2015.

On the briefs:

Harrison L. Kiehm
for Minor-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
State of Hawai'i,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

---

[4] Minor contests FOF 23 but clearly means to contest FOF 26.

3